IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| William C. Pringle, Sr.; Lisa Pringle, | ) | C/A No. 3:08-4146-JFA-PJG |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **ORDER** |
| vs. | ) | **AND** |
| | ) | **REPORT AND RECOMMENDATION** |
| EMC Mortgage Corporation; Wells Fargo Bank, N.A.; Fannie Mae; Freddie Mac; and Bob Capes Realtors, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on the defendants' motions to dismiss (Docket Entries 13, 35, 36, 37, & 42), the plaintiffs' motion for default judgment (Docket Entry 56), the plaintiffs' motion for an injunction (Docket Entry 12), and Defendant Bob Capes Realtors's motion to sever (Docket Entry 43). The plaintiffs, William C. Pringle, Sr. and Lisa Pringle ("the Pringles"), who are self-represented, filed this action, which stems from a foreclosure action in South Carolina state court and a subsequent eviction from real property located at 109 Bally Bunion Lane, Columbia, South Carolina 29229.

Each defendant has moved for dismissal of this action. (Docket Entries 13, 35, 36, 37, & 42.) As these motions were filed, the court issued orders dated January 27, 2009 (Docket Entry 15), March 2, 2009 (Docket Entry 38), and March 16, 2009 (Docket Entry 44), advising the Pringles, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), of the summary judgment and dismissal procedures and the possible consequences if they failed to respond adequately. The

Pringles have filed responses to these motions. (Docket Entries 34, 51, & 66.) Defendants EMC Mortgage Corporation and Wells Fargo Bank N.A. filed a reply memorandum. (Docket Entry 55.)

These motions are now before the court for an Order and Report and Recommendation. Having carefully considered the parties' submissions, the court finds that the plaintiffs' motion for default judgment should be denied, the defendants' motions to dismiss should be granted, and the remaining motions should be terminated as moot.

## DISCUSSION

**A.     Motion for Default**

The Pringles have moved for the court to enter a default judgment against Defendants Freddie Mac and Bob Capes Realtors pursuant to Federal Rule of Civil Procedure 55. (Docket Entry 56.) The Pringles allege that these defendants "have not served an[] answer to the summons and complaint and are in default." (Id.) Both defendants responded that they properly filed and served a motion pursuant to Fed. R. Civ. P. 12.[1] In reply, the plaintiffs argue that they did not receive the motions. The court's file shows that, pursuant to Rule 12(a)(4)(A) and Rule 12(b) of the Federal Rules of Civil Procedure, Defendants Freddie Mac and Bob Capes Realtors timely filed and served motions to dismiss, to which the plaintiffs have responded. Therefore, default judgment is not appropriate.

---

[1]The response by Defendant Bob Capes Realtors states that it served its motion to dismiss at "109 Bally Bunion Lane, Columbia, South Carolina *29209*." (Docket Entry 57 at 1) (emphasis added). The Pringles replied stating that this address was incorrect based on an incorrect zip code. However, upon review of the certificate of service accompanying the motion to dismiss, it appears that Defendant Bob Capes Realtors actually served the plaintiffs at 109 Bally Bunion Lane, Columbia, South Carolina *29229*, which was the correct address at that time. (Docket Entry 42-2) (emphasis added).

B.  **Motions to Dismiss**

All of the defendants have filed motions to dismiss the Complaint based on Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, essentially asserting that none of the Pringles' allegations raises a federal question that would confer jurisdiction pursuant to 28 U.S.C. § 1331.[2] All defendants have also moved for dismissal based on Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

1.  *Pro Se* **Pleadings**

This court is required to liberally construe *pro se* complaints. Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Erickson v. Pardus, 551 U.S. 89 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings

---

[2]Defendants EMC Mortgage Corporation and Wells Fargo Bank, N.A. initially moved for dismissal after the court issued a proper form order, but prior to the court order authorizing service of process, based in part on the fact that the Pringles' Complaint was not in proper form. (Docket Entry 13.) Subsequently, the Pringles complied with the proper form order and service was authorized. (Docket Entry 26.) Thereafter, Defendants EMC Mortgage Corporation and Wells Fargo Bank, N.A. amended their motion to dismiss, which, for the purposes of this Report and Recommendation, is the operative motion to dismiss. (Docket Entry 37.)

to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

    **2.     Rule 12(b)(1)**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) examines whether the complaint fails to state facts upon which jurisdiction can be founded. It is the plaintiff's burden to prove jurisdiction, and the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

To resolve a jurisdictional challenge under Rule 12(b)(1), the court may consider undisputed facts and any jurisdictional facts that it determines. The court may dismiss a case for lack of subject matter jurisdiction on any of the following bases: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Johnson v. United States, 534 F.3d 958, 962 (8th Cir. 2008) (quoting Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir. 1981)).

There is no federal question in this matter over which this court has jurisdiction. The Complaint simply alleges that "[t]he Plaintiff's 7th Amendment and Constitution [sic] right has been violated." (Compl. ¶ 12, Docket Entry 1 at 4.) As noted above, it is the plaintiffs' burden to prove

*PJG*

jurisdiction. This conclusory allegation without more is insufficient to meet this burden.[3] See Burbage v. Richburg, 417 F. Supp. 2d 746 (D.S.C. 2006) (holding that a reference to "federal law" in the complaint is insufficient to confer federal question jurisdiction over the action). Furthermore, the Seventh Amendment to the United States Constitution concerns the right to a jury trial. U.S. Const. amend. VII ("In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law.") The words "Suits at common law" "refer to suits in which legal rights were to be ascertained and determined, in contradistinction to those where equitable rights alone were recognized, and equitable remedies were administered." Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 41 (1989) (internal quotation omitted). Under South Carolina law, an action to foreclose a mortgage is an action in equity; therefore, there is no common law right to a jury trial. See Hayne Federal Credit Union v. Bailey, 489 S.E.2d 472, 475 (S.C. 1997) ("A mortgage foreclosure is an action in equity."). Accordingly, the court finds that the face of the plaintiffs' Complaint fails to raise a substantial federal question over which this court would have jurisdiction. See Discover Bank v. Vaden, 489 F.3d 594, 609 (4th Cir. 2007) ("For the Court to have jurisdiction under § 1331, it must be clear from the face of a well-pleaded complaint that there is a federal question; the federal issue must exist as part of the plaintiff's cause of action."); Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir.1999) ("The mere assertion of a federal claim is not sufficient to obtain jurisdiction under 28 U.S.C. § 1331 . . . .

---

[3]While the plaintiffs also assert that "[t]he defendant has violated truth in lending law," they have failed to allege any facts that would support such a claim and have failed to address it in their responses to the defendants' motions to dismiss. (See Compl. ¶ 15, Docket Entry 1 at 4); see also 15 U.S.C. §§ 1601 et seq. Consequently, this conclusory statement also is insufficient to raise a claim presenting a federal question.

'Federal jurisdiction requires that a party assert a substantial federal claim.'") (quoting Davis v. Pak, 856 F.2d 648, 650 (4th Cir. 1988)); see also Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 313 (2005) ("[F]ederal jurisdiction demands not only a contested federal issue, but a substantial one.").

### 3. Rule 12(b)(6)

Even if the court had jurisdiction over this matter, the defendants would be entitled to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007).

The only allegations in the Pringles' Complaint that appear to pertain to Defendants Fannie Mae and Freddie Mac state that those defendants have "received money from [the] government to assist person[s] and has [sic] refused to." (Compl. ¶ 16, Docket Entry 1 at 4.) This statement is insufficient to state a claim upon which relief may be granted. The Complaint fails to include any allegation that there is any nexus between the underlying mortgage that resulted in the foreclosure of the Pringles' property and these defendants.

In response to these motions, the Pringles argue that their mortgage was effectuated on a Fannie Mae/Freddie Mac uniform instrument and that these defendants should have "step[ped] in and protect[ed] the plaintiffs from this type of action." (Docket Entry 51.) Even accepting as true

Page 6 of 9

PJG

'Federal jurisdiction requires that a party assert a substantial federal claim.'") (quoting Davis v. Pak, 856 F.2d 648, 650 (4th Cir. 1988)); see also Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 313 (2005) ("[F]ederal jurisdiction demands not only a contested federal issue, but a substantial one.").

### 3. Rule 12(b)(6)

Even if the court had jurisdiction over this matter, the defendants would be entitled to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007).

The only allegations in the Pringles' Complaint that appear to pertain to Defendants Fannie Mae and Freddie Mac state that those defendants have "received money from [the] government to assist person[s] and has [sic] refused to." (Compl. ¶ 16, Docket Entry 1 at 4.) This statement is insufficient to state a claim upon which relief may be granted. The Complaint fails to include any allegation that there is any nexus between the underlying mortgage that resulted in the foreclosure of the Pringles' property and these defendants.

In response to these motions, the Pringles argue that their mortgage was effectuated on a Fannie Mae/Freddie Mac uniform instrument and that these defendants should have "step[ped] in and protect[ed] the plaintiffs from this type of action." (Docket Entry 51.) Even accepting as true

'Federal jurisdiction requires that a party assert a substantial federal claim.'") (quoting Davis v. Pak, 856 F.2d 648, 650 (4th Cir. 1988)); see also Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 313 (2005) ("[F]ederal jurisdiction demands not only a contested federal issue, but a substantial one.").

### 3. Rule 12(b)(6)

Even if the court had jurisdiction over this matter, the defendants would be entitled to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007).

The only allegations in the Pringles' Complaint that appear to pertain to Defendants Fannie Mae and Freddie Mac state that those defendants have "received money from [the] government to assist person[s] and has [sic] refused to." (Compl. ¶ 16, Docket Entry 1 at 4.) This statement is insufficient to state a claim upon which relief may be granted. The Complaint fails to include any allegation that there is any nexus between the underlying mortgage that resulted in the foreclosure of the Pringles' property and these defendants.

In response to these motions, the Pringles argue that their mortgage was effectuated on a Fannie Mae/Freddie Mac uniform instrument and that these defendants should have "step[ped] in and protect[ed] the plaintiffs from this type of action." (Docket Entry 51.) Even accepting as true

all of the facts alleged by the Pringles, they do not demonstrate a right to relief against Defendants Fannie Mae and Freddie Mac. See Bell Atl. Corp., 550 U.S. at 555; Erickson, 127 S. Ct. at 2200.

Further, the allegations in this Complaint have been previously raised and ruled on by the South Carolina Court of Common Pleas in a foreclosure matter captioned EMC Mortgage Corporation v. William C. Pringle, Sr.; Lisa Pringle; State of South Carolina Department of Revenue; Cavalry SPV II, LLC, 2008-CP-40-1013, resulting in a "Judgment of Foreclosure and Sale."[4] Consequently, these issues have already been litigated and decided adversely to the Pringles. Thus, this action is barred by the doctrine of collateral estoppel. See Sedlack v. Braswell Servs. Group, Inc., 134 F.3d 219, 224 (4th Cir. 1998) ("For collateral estoppel to apply, the proponent must establish that: (1) the issue sought to be precluded is identical to one previously litigated; (2) the issue must have been actually determined in the prior proceeding; (3) determination of the issue must have been a critical and necessary part of the decision in the prior proceeding; (4) the prior judgment must be final and valid; and (5) the party against whom estoppel is asserted must have had a full and fair opportunity to litigate the issue in the previous forum.").[5]

---

[4]This action was appealed to the South Carolina Court of Appeals. Apparently, following the filing of the instant case, the Court of Appeals dismissed the appeal due to the Pringles' failure to serve and file an appellate brief. (See Docket Entry 35-3.)

[5]Defendants Fannie Mae, Freddie Mac, Bob Cape Realtors, and Wells Fargo Bank, N.A. were not parties to the foreclosure action; therefore, the doctrine of res judicata does not apply to these defendants. See Orca Yachts, L.L.C. v. Mollicam, Inc., 287 F.3d 316, 318 (4th Cir. 2002) (requiring identity of the parties as an element of res judicata). However, the doctrine of res judicata would bar this action against Defendant EMC Mortgage Corporation.

### C. State Claims

The Pringles also appear to include in their Complaint state law claims such as trespass against Defendant Bob Cape Realtors. As the court recommends that dismissal of this matter is appropriate, the court further recommends that supplemental jurisdiction should not be exercised over these state law claims. See 28 U.S.C. § 1367(c).

### ORDER

For the foregoing reasons, it is hereby

**ORDERED** that the Pringles' motion for default (Docket Entry 56) is DENIED.

### RECOMMENDATION

For the foregoing reasons, the court recommends that the defendants' motions to dismiss (Docket Entries 13, 35, 36, 37, & 42) be granted. The court further recommends that, as this matter is subject to dismissal as a matter of law, the plaintiffs' motion for an injunction (Docket Entry 12) and Defendant Bob Cape Realtors's motion to sever (Docket Entry 43) be terminated as moot.

                                                                                    _____
                                                                                    Paige J. Gossett
                                                                                    UNITED STATES MAGISTRATE JUDGE

July 28, 2009
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the district judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).