IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| William C. Pringle, Sr. and Lisa Pringle, | ) | C/A No.: 3:08-4146-JFA-PJG |
|---|---|---|
| Plaintiffs, | ) | |
| v. | ) | ORDER |
| EMC Mortgage Corporation; Wells Fargo Bank, N.A.; Fannie Mae; Freddie Mac; and Bob Capes Realtors, | ) | |
| Defendants. | ) | |

This matter is before the court for review of the Magistrate Judge's report and recommendation ("Report") made in accordance with 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e) (D.S.C.).

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a <u>de novo</u> determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a <u>de novo</u> or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

<u>Wallace v. Housing Auth. of the City of Columbia</u>, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

1

I. Procedural Posture

Plaintiffs William C. Pringle, Sr., and Lisa Pringle filed this action pro se on December 29, 2008. The case was automatically referred to Magistrate Judge Paige J. Gossett pursuant to Local Rule 73.02(B)(2)(e).

The Magistrate Judge filed a detailed and comprehensive Report on July 28, 2009, recommending that plaintiffs' motion for default judgment against defendants Fannie Mae and Freddie Mac be denied and defendants' motions to dismiss be granted. Because defendants Fannie Mae and Freddie Mac both appeared and filed timely motions to dismiss, the Magistrate Judge found entry of default judgment inappropriate. The Magistrate Judge also recommended that all defendants' motions to dismiss be granted on the basis of lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), or in the alternative for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6).

The plaintiffs were informed of their right to file objections to the Report, which they filed on August 10, 2009, and defendants Fannie Mae and Freddie Mac each filed a reply to plaintiffs' objections on August 19, 2009. This matter is now ripe for review.

II. Standard of Review

A district court must make a de novo review of those portions of the Report to which specific objections are filed. Fed. R. Civ. P. 72(b). However, making only general objections "has the same effect as would a failure to object [and] mak[es] the initial reference to the magistrate useless." Howard v. Sec'y of Heath and Human Servs., 932 F.2d 505 (6th

Cir. 1991). This is because "[a] district court [would] have to guess what arguments an objecting party depends on when reviewing a magistrate's report." Lockert v. Faulkner, 843 F.2d 1015, 1019 (7th Cir. 1988). Objections to wholly legal conclusions are similarly unhelpful and do not compel de novo review. See Orpiano v. Johnson, 687 F.2d 44 (4th Cir. 1982). Accordingly, de novo review is unnecessary without specific objections or where objections attack only legal conclusions.

Plaintiffs submitted nine objections to the Report, each objection appears to either attack a legal conclusion without further support, or assert facts immaterial to resolving the dispute at hand. Objections (2), (5), (7), and (8) attack the legal recommendations of the Magistrate Judge in a summary and conclusory manner and may be disregarded. Objections (3), (4), and (6) reassert facts in the record that are immaterial to any claim for relief plaintiffs are requesting and are accordingly too general. Objection (1) merely asserts that facts may be in dispute, which without more detail is insufficient to constitute a specific objection. Objection (9) ostensibly asks the district court to not adopt the recommendations of the Report and is not a proper objection. No specific objections to the report have been filed, but merely a request for relief. The court accepts the Report as filed.

In light of the standard set out above, the court has reviewed the record, the law, the Report of the Magistrate Judge, together with plaintiff's objections thereto, and defendants' replies. The court finds that defendants are entitled to have plaintiffs' claims against them dismissed for lack of subject matter jurisdiction.

III. Conclusion

For the foregoing reasons, the court adopts in full the Report of the Magistrate, overrules plaintiffs' objections, denies plaintiffs' motion for entry of default judgment, and grants defendants' motions to dismiss.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

September 10, 2009  Joseph F. Anderson, Jr.
Columbia, South Carolina  United States District Judge